c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JEFFREY OTIS REDDEN,
Plaintiff

CIVIL ACTION NO. 1:16-CV-00840

VERSUS

JUDGE DRELL

WARDEN CARAJAL,
Defendant

MAGISTRATE JUDGE PEREZ-MONTES

## AMENDED REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Jeffrey Otis Redden ("Redden") (#54051-054). Redden is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary ("USP") in Pollock, Louisiana. Redden challenges his conviction and sentence imposed in the United States District Court for the Southern District of New York. Redden argues that retroactive changes in case law apply to his case. (Doc. 1-2). The Court finds Redden's Petition lacks jurisdiction.

## I.    Background

Redden was convicted in the United States District Court for the Southern District of New York of conspiring to distribute 50 grams or more of crack cocaine within 1000 feet of a school in violation of 21 U.S.C. § 846 (Count 1); use of a firearm in furtherance of a conspiracy to distribute crack cocaine, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(i)(1) (Count 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). United States v. Jeffrey Otis Redden, Civ. A. 1:02-cr-01141 (S.D.N.Y. 2002). On appeal, Redden challenged the sufficiency

1

of the evidence and objected to the jury charge. United States v. Redden, 169 Fed.Appx. 6, 7 (2d Cir. 2006). His conviction was affirmed. Id. Redden did not timely file a § 2255 motion. See United States v. Jeffrey Otis Redden, Civ. A. 1:02-cr-01141 (S.D.N.Y. 2002).

Redden asked the United States Court of Appeals for the Second Circuit to recall the mandate in his direct criminal appeal. See id. He argued "his sentence was unconstitutional in light of the Supreme Court's recent holding in Alleyne v. United States, 133 S.Ct. 2151 (2013)." See id. The court denied the motion, noting that it requested § 2255 relief that may not be sought in Redden's direct appeal. See id. Also, the court declined to transfer the matter to the district court because "Alleyne is not retroactively applicable to cases on collateral review." See id.

Redden now files this Petition under § 2241, arguing that retroactive changes in case law are applicable to his case, and that he is entitled to relief under the savings clause of § 2255. (Doc. 1).

## II.  Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. § 2241 or § 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes-Requena v. U.S., 243 F.3d 893, 900-01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is

incarcerated.  See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing.  See Cox v. Warden Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.3d 840, 842 (5th Cir. 1980)).  A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence.  See Cox, 911 F.2d at 1113.

Redden seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner.  See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing a second or successive motion to vacate.  See Pack, 218 F. 3d at 453 (holding that neither a limitation bar nor successiveness make § 2255 ineffective or inadequate).

The factors that must be satisfied for a petitioner to file a § 2241 petition pursuant to § 2255's savings clause are: (1) the petitioner's claim must be based on a

retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  See Jeffers, 253 F.3d at 829-830 (citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)).  The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime.  The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  See Jeffers, 253 F.3d at 830 (citing Reyes-Requena, 243 F.3d at 903-904).

Redden claims he is entitled to proceed under the savings clause based on Alleyne v. U.S., 133 S.Ct. 2151 (2013).  In Alleyne, the Supreme Court held that any fact which increases a mandatory-minimum sentence must be submitted to a jury. Alleyne, 133 S.Ct. at 2163.  The Fifth Circuit Court of Appeal addressed this argument in In re Kemper, 735 F.3d 211 (5th Cir. 2013):  "In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt." See id., (citing Alleyne, 133 S.Ct. at 2163). "Alleyne is a direct criminal appeal, see Alleyne, 133 S.Ct. at 2155–56, and therefore did not involve a retroactive application of a rule on collateral review."  Id.  Moreover, the Supreme Court did not declare that Alleyne applies retroactively on collateral review. See In re Kemper, 735 F.3d at 212.

In this case, Redden has not cited any retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense or is "actually innocent."  Since Redden has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255.  Redden must obtain permission from the Fifth Circuit Court of Appeal to file a second or successive § 2255 motion.  See Christopher v. Miles, 342 F.3d 378 (5th Cir.2003).

III.  **Conclusion**

Redden is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255.  Thus, he may not avail himself of § 2241 relief in this case.

Accordingly,

**IT IS RECOMMENDED** that Redden's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 be **DENIED and DISMISSED WITH PREJUDICE for lack of jurisdiction**.

**IT IS FURTHER RECOMMENDED** that Redden's Motion for Summary Judgment (Doc. 19) be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __13th__ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge